IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-259 |
| | ) | |
| MARK SCHOFIELD, JR., | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

Pending before the court is a pro se motion (ECF No. 76) filed by defendant Mark Schofield ("Schofield" or "defendant") seeking an order of court that he be moved into state custody. The government filed a response in opposition (ECF No. 78), contending that the court lacks authority to grant Schofield's request.

On February 8, 2022, the court sentenced Schofield to a term of imprisonment of 120 months. Schofield is in the custody of the federal Bureau of Prisons ("BOP"). He is currently located at FCI Williamsburg. His projected release date is December 18, 2026. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results. Schofield reports that he violated his Pennsylvania parole, but did not receive a state detainer until after his federal conviction became final.

Schofield wants to resolve his issues with the Pennsylvania Parole Board now, after which he would return to federal custody to complete his sentence in this case. Resolving his state violations may allow him to qualify for the 500-hour Residential Drug Abuse Program (RDAP) when he returns to federal custody and to serve the last 6 months of his federal sentence in a halfway house to adjust back into society.

Although the court is sympathetic to Schofield's request, it lacks the jurisdiction to grant his motion.  The statute that governs transfer of a prison to state authority, 18 U.S.C. § 3623, provides that it is the director of BOP (not a court) who may transfer a prisoner to a state.  In addition, a federal prisoner may be released only if: (1) the transfer was requested by the governor or other executive of the state; (2) the state presents a certified copy of the applicable criminal document; and (3) the director of the BOP finds the transfer to be in the public interest. *See United States v. Buhl,* No. CR 88-490-KSM-1, 2022 WL 17905312, at *3 (E.D. Pa. Dec. 22, 2022), *appeal dismissed sub nom. USA v. Buhl*, No. 23-1104, 2023 WL 4585988 (3d Cir. Mar. 3, 2023) ("To the extent that Buhl seeks a transfer to a state incarceration facility within Pennsylvania, the Court lacks the jurisdiction to order a state to accept a federal prisoner; the Director of the Bureau of Prisons may authorize the transfer of a federal prisoner to state custody, but only upon request by state authorities. *See* 18 U.S.C. § 3623.").

In accordance with the foregoing, Schofield's motion for a court order to transfer him to state custody (ECF No. 76) must be denied.

An appropriate order will be entered.

By the court,

Date:  February 27, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge